Donald F. **KRANK** and Sharon J. Krank, Plaintiffs,

v.

**EXPRESS FUNDING CORPORATION,** a/k/a Express Equities, Defendant.

No. 89 Civ. 5622 (RWS).

United States District Court, S.D. New York.

Nov. 13, 1990.

Donald F. Krank and Sharon J. Krank, Greenbelt, Md., pro se.

James M. Marino, White Plains, N.Y., for defendant.

**OPINION**

SWEET, District Judge.

Defendant, Express Funding Corporation, sued herein as Express Equities Corporation a/k/a Express Equities Corporation, moves to dismiss the complaint for lack of personal jurisdiction and failure to prosecute pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 41(b), in the alternative, for summary judgment pursuant to Rule 56, Fed.R.Civ.P. For the reasons set forth below, the motion is denied.

The Parties and Prior Proceedings

Plaintiffs *pro se* in this diversity action are Donald F. Krank and Sharon J. Krank. Plaintiffs are residents of Greenbelt, Maryland. Defendant is Express Equities Corporation ("Express Equities"), a New York Corporation, named in the caption as Express Funding Corporation a/k/a Express Equities Corporation.

The Kranks filed this complaint on August 22, 1989. The motions were heard and submitted on August 2, 1990.

The Facts

This is an action alleging breach of contact resulting from a financial transaction between the parties and the facts are assumed as set forth.

In July 1984, the Kranks entered into an agreement to purchase a condominium unit in New York City, which agreement was contingent upon the Kranks' obtaining suitable mortgage financing. Selling agents for the condominium unit recommended that the Kranks seek funding from the Express Equities Mortgage Company, then known as Express Funding Corporation. Acting on such recommendation, the Kranks applied for mortgage financing from the Express Equities Mortgage Company, through its agent Frank Caiazzo. At the time of the application, the Kranks paid the Express Equities Mortgage Company a refundable application fee of approximately $1,500 (the "application fee"), together with a non-refundable credit application fee of $250 (the "credit").

The Kranks never received a response from the Express Equities Mortgage Company as to the approval of their application.

Nor did the Express Equities Mortgage Corporation refund the application fee. The Kranks' purchase agreement was subsequently cancelled as a result of their inability to finance the transaction.

On August 22, 1989, the Kranks filed this complaint. The following sequence of events, related to service of process on Express Equities, forms the basis for this motion.

In October 1989, Express Equities received by mail the summons and complaint which had been addressed to and forwarded from its former offices in New Rochelle, New York to its current address in Bronx, New York.

The Kranks' summons and complaint was not accompanied by a return envelope, postage prepaid, addressed to the sender. Included with the summons and complaints was an affirmation of service form, which the Kranks had altered by striking the word served, and substituting the word "received", and by striking the word "upon", and inserting "served by Donald and Sharon Krank," so as to read "I, ___, declare under penalty of perjury that I have received a copy of the attached complaint served by Donald and Sharon Krank ...". The heading "affirmation of service" was not changed to read "acknowledgment of service".

Express Equities did not acknowledge the receipt of service. Since receiving the summons and complaint in the mail, Express Equities has not been served personally or by permissible substituted service through the Secretary of State of the State of New York. Express Equities filed an answer with this court on November 14, 1989. After the receipt of the answer, the Kranks made an ex parte motion for enlargement of time for service (the "ex parte motion") in which the plaintiffs acknowledged their failure to serve properly the complaint in accordance with Rule 4(c)(2)(C)(ii) Fed.R.Civ.P.

Pursuant to pretrial orders, the Court scheduled pretrial conferences on the following dates: April 11, 1990 at 4:30 p.m. and on June 20, 1990 at 4:30 p.m. Counsel for Express Equities attended both conferences. The Kranks did not attend either conference. On July 11, 1990, Express Equities filed a motion to dismiss and for summary judgment.

Discussion

1) The Adequacy of Service of Process

■ Express Equities contends that the summons and complaint of the Kranks did not conform to Rule 4(c)(2)(C)(ii) Fed.R. Civ.P., and that therefore the Court has no personal jurisdiction over it.

Rule 4(c)(2)(C)(ii) Fed.R.Civ.P. requires the service of the summons and complaint by first class mail to include two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. Form 18–A, entitled "Notice and Acknowledgment for Service by Mail," notifies the recipient of the following: (1) the summons and complaint has been served in accordance with Rule 4(c)(2)(C)(ii); (2) the recipient must complete one copy and return one copy to the sender within 20 days; (3) failure to return one copy of Form 18–A within 20 days may result in payment of fees for service of process by any other means; (4) the manner in which defendant must execute the form; and (5) returning the form requires the defendant to submit an answer in 20 days or risk default judgment.

Leaving aside for the moment the question as to whether service was in accordance with Rule 4(c)(2)(C)(ii), Express Equities, nevertheless, received the summons and complaint through the mail and filed an answer.

A defendant who has not acknowledged service of a complaint may nonetheless answer such a complaint without waiving his right to assert lack of personal jurisdiction based on improper service, as long as he raises the issue as an affirmative defense in his answer. *See* Rule 12(h)(1), Fed. Civ.P. Even if a litigant preserves this defense by including it in his answer, undue delay in challenging personal jurisdiction by a motion to dismiss may also constitute waiver. *See Burton v. Northern Dutchess Hospital*, 106 F.R.D. 477 (S.D.N.

Y.1985); *Vozeh v. Good Samaritan Hospital,* 84 F.R.D. 143 (S.D.N.Y.1979).

While the above cited cases involved delays of years rather than months, a recent Second Circuit case provides authority for waiver of the defense based on lack of personal jurisdiction where the elapsed time from answer to motion was just under four months. In *Datskow v. Teledyne, Inc.,* 899 F.2d 1298 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990), the defendant did not acknowledge service of the complaint, which was filed on November 22, 1988, four days before the statute of limitations ran. Defendant, nevertheless, filed his answer on December 23. On April 21, 1989, the defendant moved to dismiss the action based on lack of personal jurisdiction due to improper service, after attending a pretrial conference in January of 1989 to discuss discovery and the scheduling of motions. The Court held that the defendant had waived his right to make such a defense based on defective service where the defendant had attended pretrial conferences and made no mention of the defense.

Express Equities has similarly sat on its rights. After the Kranks' ex parte motion for enlargement of time for service for thirty days, Express Equities waited seven months before making this motion. In the interim, Express Equities attended two pretrial conferences. Both sides were aware of the dispute about the Kranks' service of process. The Kranks made a motion to remedy any defects, and Express Equities should also have moved shortly thereafter.

■ Considering on the merits Express Equities' defense of lack of personal jurisdiction based on improper service, the law of the Second Circuit, as set forth in *Morse v. Elmira Country Club,* 752 F.2d 35, 40 (2d Cir.1984), requires denial of this motion. *Morse* held that mail service under Rule 4(c)(2)(C)(ii) is effective where the defendant actually receives the mail but refuses to acknowledge it properly. Express Equities tries to distinguish *Morse* on the grounds that the acknowledgment form submitted in *Morse* substantially conformed to form 18–A with the exception of one obvious typographical error, while the Kranks' acknowledgment form did not substantially conform to form 18–A.

Subsequent readings of *Morse,* however, hold that *Morse* is to be read more broadly. Under these later readings, the determining factor in questions of improper service is whether the defendant actually received the summons and complaint. *Lee v. Carlson,* 645 F.Supp. 1430, 1432 (S.D.N.Y.1986), *aff'd without opinion,* 812 F.2d 712 (2d Cir.1987). Thus, in *Lee,* the plaintiff did not include an acknowledgment form or an addressed pre-paid return envelope. The *Lee* court held that this lower standard of conformity with Rule 4(c)(2)(C)(ii) was not enough to distinguish the case from *Morse.* The court stated that this lower standard of conformity "does not vitiate the effectiveness of the service because the court's holding in *Morse,* that mail service is effective when the recipient receives the summons and complaint and accordingly has actual notice, clearly emphasizes that the effectiveness of service depends on the receipt of the summons and complaint, not on the supplementary material to be signed and returned by the recipient which, by itself, establishes proof of service." *Lee,* 645 F.Supp. at 1432.

Express Equities' attempt, then, to distinguish *Lee* on the grounds that the plaintiff in *Lee* was a prisoner confined in a New York State prison and therefore unable to obtain personal service of the summons and complaint when the defendants ignored service by mail cannot withstand this reading of *Morse;* according to *Morse,* actual receipt determines the effectiveness of service, and Express Equities does not dispute actual receipt. Accordingly, even if Express Equities did not waive its defense of lack of personal jurisdiction, the Kranks' service of process was sufficient under *Morse.* Therefore, the Court need not consider Express Equities' contention that this failure to serve process within 120 days of filing the complaint or within the thirty additional days permitted by the enlargement order triggers automatic dismissal pursuant to Rule 4(j) Fed.R.Civ.P.

### 2) Failure To Prosecute

■ Rule 41(b) Fed.R.Civ.P. states that "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Unreasonable delay in serving process may, moreover, constitute a failure to prosecute under rule 41(b). *Saylor v. Lindsley*, 71 F.R.D. 380 at 383 (S.D. N.Y.1976). The determining factor of a Rule 41(b) failure to prosecute is a lack of diligence on the part of the plaintiff. *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir.1956).

Express Equities finds two examples of the Kranks' failure to prosecute, first, their failure to serve process, and second, their failure to attend the two pre-trial conferences. Having disposed of Express Equities' claim of insufficient service of process, only the Kranks' failure to attend the conferences remains as a basis for the Rule 41(b) motion. Under the lack of diligence standard of *Messenger*, the Kranks' conduct is far from lacking in diligence. When it became apparent that their original service of process was in dispute, the Kranks moved to extend the time allowed for service. The Kranks answered the motion of Express Equities, and in their answer, moreover, detailed their several attempts to effect service other than by mail. Under these circumstances, they can hardly be deemed so lacking in diligence as to warrant dismissal.

### 3) Material Factual Dispute

■ Under Rule 56, a motion for summary judgment shall be granted when the moving party demonstrates as a matter of law that he is entitled to that remedy because there are no genuine issues of material fact present in the action. *H.L. Hayden Co. of N.Y. v. Siemens Medical Systems*, 879 F.2d 1005, 1011 (2d Cir.1989). The moving party, however, has the burden of demonstrating the absence of any genuine issues as to all the material facts, and the opposing party is entitled to the benefit of all favorable inferences that may be drawn from the evidence. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444–45 (2d Cir.1980).

Express Equities contends that the suit against it is a case of mistaken identity and that it is not the party with whom the Kranks entered into the transaction alleged in the complaint, and that therefore there are no issues of material fact as to its involvement with the Kranks. But Express Equities' involvement appears to be just such an issue of material fact. In their affidavit submitted in opposition to the motion to dismiss and for summary judgment, the Kranks stated that at the time of their alleged dealings with defendant concerning the loan, Express Equities appeared to share an office, and a phone with the Entities Express Funding and Express Mortgage Company. In its reply to the plaintiffs' answer, Express Equities stated that there are many loan companies in the New York area with the name "Express" and that the plaintiffs have confused Express Equities with another company of similar name. Viewing the material in a light most favorable to the non-moving party, it is far from settled that Express Equities is unconnected with the companies named in the complaint. The case of mistaken identity is an issue better resolved at trial.

### Conclusion

For the foregoing reasons, the motions to dismiss and for summary judgment are denied.

It is so ordered.