**Lucie BARRON and Barron Family Trust, et al., Plaintiffs,**

**v.**

**MIAMI EXECUTIVE TOWERS ASSOCIATES LIMITED PARTNERSHIP, et al., Defendants.**

**No. 89 Civ. 8369 (RWS).**

United States District Court, S.D. New York.

June 8, 1992.

Martin Mushkin, New York City, for plaintiffs.

Bower & Gardner, New York City (Barry G. Saretsky, of counsel), for defendants Appraisal Group Intern. and Irwin J. Steinberg.

## OPINION

SWEET, District Judge.

Defendants Appraisal Group International ("Appraisal Group") and Irwin J. Steinberg ("Steinberg") have moved to dismiss the claims against them pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. This action is related to the Integrated Resources Real Estate Limited Partnerships Securities Litigation, M.D.L. 897, S.D.N.Y. Misc. 21–61. For the reasons set forth below, Appraisal Group's motion is denied and Steinberg's motion is granted.

*Prior Proceedings*

This action is a consolidation of three actions filed in the Southern District of New York in 1989 and 1990 and originally assigned to the Honorable John E. Sprizzo. The actions arise out of the events surrounding the offering of limited partnership interests in Miami Executive Towers Associates, L.P. ("Miami Executive"). Miami Executive was organized to own and operate two office buildings in Dade County, Florida, by Integrated Resources, Inc., and its related entities (collectively "Integrated Resources"). Appraisal Group has its principal place of business in New Jersey and allegedly appraised the buildings for Integrated Resources. Steinberg, a principal and officer of Appraisal Group, allegedly signed the appraisal at issue.

The first action, *The Alistair and Lucie Barron Family Trust v. Integrated Resources, Inc.*, No. 89 Civ. 8369, was filed on December 18, 1989. Appraisal Group was named as a defendant and served in late December 1989. Service was acknowledged by Appraisal Group's counsel on February 21, 1990.

The second action, *Cho v. Integrated Resources, Inc.*, No. 90 Civ. 0156, was filed on January 10, 1990. Philip A. Bleistine and Patricia D. Bleistine (the "Bleistines") were not named as plaintiffs. Appraisal Group was named as a defendant.

The Bleistines were added as plaintiffs in *Cho* by a stipulation signed by counsel for the Plaintiffs and the Defendants, except for Appraisal Group, on January 30, 1990. That day, Plaintiffs' counsel sent Appraisal Group's counsel a summons, complaint, a copy of the stipulation concerning the Bleistines, a notice of acknowledgment, and a discovery request. Appraisal Group's counsel returned the acknowledgment, which listed the Bleistines as plaintiffs, on February 21, 1990.[1]

The third action, *Donhowe v. Miami Executive Towers Associates L.P.*, 90 Civ. 6256, was filed on September 28, 1990. Appraisal Group was named as a defendant. Service was accomplished on December 5, 1990, by leaving a copy of the summons and complaint with Irwin Steinberg, "Managing Agent".

Appraisal Group substituted its counsel by stipulation on May 25, 1990. The stipulation filed in the *Cho* action named the Bleistines as plaintiffs.

Integrated Resources filed for a bankruptcy under Chapter 11 of the United States Bankruptcy Code on February 13, 1990. Judge Sprizzo therefore transferred the three cases to the Suspense Docket on February 28, 1990. After that date, Appraisal Group's counsel entered into two stipulations with Plaintiffs' counsel extending the time within which Appraisal Group could respond to the complaints.

A pre-trial conference was held before Judge Sprizzo on October 18, 1990. Counsel for all the parties were present. The conference was apparently held to discuss the effect of the stay. The day after this conference, an order was entered scheduling a second conference for November 30, 1990.

The November 30 conference was rescheduled to December 6, 1990, at the Defendants' behest. At the conference, a draft order consolidating the three actions drafted by counsel for Appraisal Group and Steinberg was circulated and approved (the

---

**1.** Leave is granted to file the acknowledgment of service.

"Consolidation Order"). The Consolidation Order was signed by Judge Sprizzo on December 18, 1990. Significantly, the Consolidation Order added Steinberg to the caption but stated that the "defendants shall not waive, and shall preserve, all rights to move against the consolidated amended and supplemental complaint".

The consolidated, amended, and supplemental complaint (the "Complaint") was filed on December 21, 1990, and a supplemental summons issued by the Court at that time. Plaintiff's counsel mailed a copy of the Complaint and other documents to Steinberg on December 27, 1990. A summons was not included in this mailing, and was not served on Steinberg during the pertinent time period.

The next pre-trial conference was held on February 4, 1991. At the conference, Judge Sprizzo stay the action pending the Supreme Court's decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. —, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). After *Lampf* was issued, another pre-trial conference was scheduled for July 10, 1991.

At the July 10 conference, the Defendants orally moved to dismiss the Complaint based on *Lampf.* The Plaintiffs orally moved to amend the Complaint to add a RICO claim, to which the Defendants objected. At the Court's direction, a formal motion to amend was filed on October 11, 1991.

Appraisal Group and Steinberg jointly responded to the motion on November 13, 1991. In their papers, they opposed the motion to amend as lacking in merit, and argued that the federal securities claims should be dismissed as time-barred and that the pendent state claims should be dismissed for lack of subject matter jurisdiction. Additionally, their brief stated:

> Although the Court need not reach this additional ground, the action should be dismissed against defendant Irwin J. Steinberg because the Court lacks *in personam* jurisdiction over him. Stein-

berg was *not* named as a defendant in either the *Cho, Barron* or *Donhowe* actions. Mr. Steinberg was added as a defendant in the November 20, 1990 Complaint, but was never served with a summons, and the complaint was simply mailed to him with an accompanying letter from plaintiffs' counsel. Similarly, the Court files do not contain any proof of service upon defendant Appraisal Group International in *Barron.* Relatedly, plaintiffs Bleistine whose names appear on the Complaint, do not appear as plaintiffs on the summons in *Barron, Cho,* or *Donhowe.*

Memorandum of Appraisal Group International and Irwin J. Steinberg 5 n. 4 (Nov. 13, 1991).

In light of this footnote, Plaintiffs personally served a summons and an amended complaint on Steinberg and the Appraisal Group on January 28, 1992.

Meanwhile, on October 10, 1991, the Judicial Panel on Multidistrict Litigation transferred the Integrated Resources cases to this Court. Judge Sprizzo stayed a ruling on the motions until a determination was made as to whether to transfer this action as related to the Integrated cases. The action was transferred to this Court on February 10, 1992, and consolidated with the other Integrated Resources cases for the purposes of pre-trial proceedings. In particular, it is subject to Pre–Trial Order No. 1, which has established a schedule for motions. Pursuant to this order, Appraisal Group and Steinberg moved as part of Global Motions I and II to dismiss the Complaint on April 8, 1992.[2]

Appraisal Group and Steinberg brought the present issues to the Court's attention in a letter dated February 19, 1992. The letter was treated as a motion returnable on March 4, 1992. Oral argument was heard on that day, and submissions received through May 22, 1992.

*Discussion*

I. *Appraisal Group*

■ Appraisal Group contends the Bleistines' claims against it should be dismissed

---

**2.** Their brief "preserve[s] their objections to personal jurisdiction". Memorandum 5 n. 3 (April 6, 1992).

because they never served Appraisal Group.

The Bleistines were added to the *Cho* action as plaintiffs soon after that action was commenced. This was done after the other *Cho* Plaintiffs and Defendants except Appraisal Group stipulated that the Bleistines should be added and Judge Sprizzo so ordered the stipulation. Thereafter, Plaintiffs' counsel told Appraisal Group's counsel of the stipulation and order, and sent them a copy of it along with a complaint, summons, discovery request, and acknowledgment of service. Appraisal Group's counsel then signed and returned the acknowledgment of service to Plaintiffs' counsel. The acknowledgment of service plainly lists the Bleistines as plaintiffs, and there is nothing in the record to indicate that Appraisal Group reserved any rights as to the Bleistines. Any objection Appraisal Group may have had to the Bleistines presence as plaintiffs has therefore been waived, and its motion is denied.[3]

## II. *Steinberg*

■ Steinberg argues that because he was not served with a summons until a year after he was mailed the Complaint, the claims against him should be dismissed for failure to comply with Rule 4(j).[4] The Plaintiffs contend that Steinberg had timely notice of the suit and that he has waived any objection he might have under Rule 4.

Rule 4(j) provides that "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant...." Fed.R.Civ.P. 4(j). "The summons and complaint shall be served together." *Id.* 4(d); *see In re City of Philadel-*

*phia Litigation,* 123 F.R.D. 515, 518 (E.D.Pa.1988); *Macaluso v. New York State Department of Environmental Conservation,* 115 F.R.D. 16, 17–18 (E.D.N.Y.1986).

Here, the Complaint was mailed to Steinberg soon after it was filed, but the summons and Complaint were not served on him together until over a year had passed. Although strict conformity with Rule 4's provisions is not required in every instance, *see, e.g., Krank v. Express Funding Corp.,* 133 F.R.D. 14, 17 (S.D.N.Y.1990), actual receipt of both the summons and the complaint is a base requirement. *See id.* at 16; *see also Datskow v. Teledyne, Inc.,* 899 F.2d 1298, 1302 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990); *In re City of Philadelphia,* 123 F.R.D. at 518. As Plaintiffs failed to serve Steinberg with a summons and a complaint together within Rule 4(j)'s 120–day period, Steinberg should be dismissed from this action.

The Plaintiffs argue that Steinberg had notice of the suit and has not been prejudiced. The arguments are intertwined but unavailing. *See In re City of Philadelphia,* 123 F.R.D. at 519. A defendant's notice of a suit's existence without having been formally served may be immaterial when it boils down to an instance of mislabeling. *See, e.g., Datskow,* 899 F.2d at 1302. Here, however, the Plaintiffs do not seek to substitute an improperly named defendant for the correct one, but rather to add an additional defendant who allegedly is an officer of one of the other defendants. *See In re Allbrand Appliance & Television Co.,* 875 F.2d 1021, 1025–26 (2d Cir. 1989). Moreover, Steinberg did not waive any defense by consenting to allow the Plaintiffs to add him as a defendant, and the Plaintiffs cannot show "good cause" for their lengthy delay, *see Delicata v.*

---

3. Even if Appraisal Group did not consent to the Bleistines presence, it has waived any objection through its course of conduct. *See Datskow v. Teledyne, Inc.,* 899 F.2d 1298, 1303 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990).

4. Steinberg uses personal jurisdiction and sufficiency of service of process interchangeably. The terms are, however, quite distinct in their meaning. *See generally Santos v. State Farm Fire & Casualty Co.,* 902 F.2d 1092, 1095 (2d Cir.1990). Steinberg's argument is mostly based on an apparent defect in service of process and will be treated as such.

*Bowen,* 116 F.R.D. 564, 566 (S.D.N.Y.1987). Plaintiffs have failed to set forth the type of circumstances that would warrant a more flexible application of the Rule. *See Santos v. State Farm Fire & Casualty Co.,* 902 F.2d 1092, 1094 (2d Cir.1990); *Yosef v. Passamaquoddy Tribe,* 876 F.2d 283, 287 (2d Cir.1989), *cert. denied,* 494 U.S. 1028, 110 S.Ct. 1474, 108 L.Ed.2d 611 (1990).

■ Finally, the plaintiffs argue that Steinberg has waived any objection he might have. They base this argument in part on the extended history of this litigation and Steinberg's participation in it. *See Datskow,* 899 F.2d at 1303.

Under the Federal Rules, a defense of insufficiency of service of process or lack of personal jurisdiction may be asserted in a responsive pleading or by motion before an answer is filed. A party who makes such a motion:

> may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted....

Fed.R.Civ.P. 12(g). Furthermore,

> [a] defense of lack of jurisdiction over the person, improper venue, sufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof....

*Id.* 12(h)(1).

After Steinberg was first presented with the Complaint, the action was stayed pending the Supreme Court's determination in *Lampf.* At the first conference following that decision, the Defendants all orally moved to dismiss the Complaint based on the statute of limitations defined in that decision. The Plaintiffs then formally moved to amend the Complaint to add a RICO claim. Steinberg responded to that motion, briefed his own motion to dismiss, and raised the improper service of process defense in his papers. None of the Defendants has filed an answer.

Under these circumstances, Steinberg has not waived the defense. The oral *Lampf* motion was the first motion to dismiss in this action, and Steinberg's raising of his additional defense was both necessary to preserve it and proper given the informal nature of the original motion. *See* 5A Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1389. Once it became clear that the original motion to dismiss had been incorporated into a broader Multi–District scheduling order, he promptly brought his defense to the Court's attention. Steinberg therefore has not waived the defense and is entitled to dismissal of the Complaint against him.

*Conclusion*

For the reasons set forth above, Appraisal Group's motion to dismiss is denied. Steinberg's motion to dismiss the Complaint as to him for insufficiency of service of process pursuant to Rule 12(b)(5) is granted, and the summons served on him on January 28, 1992, is quashed.

It is so ordered.