Avis H. BENTLEY

v.

Israel RAVEH and William B. Steiger.

Civ. No. 5:91–715 (JAC).

United States District Court,
D. Connecticut.

Nov. 10, 1993.

Brendan J. O'Rourke, Edward V. O'Hanlan and Elizabeth T. Grove O'Rourke & O'Hanlan, New Canaan, CT, for plaintiff.

Arthur M. Field, Bridgeport, CT, for defendant Israel Raveh.

Harvey J. Rothberg, Stamford, CT, for defendant William B. Steiger.

## RULING ON DEFENDANTS' MOTIONS TO SET ASIDE DEFAULT

JOSÉ A. CABRANES, Chief Judge:

Pending before the court are defendant Steiger's Motion for Modification of Orders (filed July 26, 1993) and defendant Raveh's Motion to Modify and Vacate (filed August 4, 1993). The defendants, through these motions, seek to set aside the defaults entered against them by this court on November 9, 1992.

### BACKGROUND

This case concerns the mortgage refinancing of the plaintiff's home in Greenwich, Connecticut. On October 22, 1991, the plaintiff filed a multi-count complaint against seven defendants alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., and various pendent, or supplemental, state law claims. At this juncture, only two defendants remain—Israel Raveh and William Steiger.

On September 24, 1992, the plaintiff filed a Motion for Alternative Proof of Service as to defendant Steiger and former defendant Field.[1] On October 5, 1992, the court granted that motion, finding that Steiger and Field were served by mail pursuant to Fed. R.Civ.P. 4(c)(2)(C)(ii). At a status conference held on the record on October 14, 1992, the court stated that it would entertain motions for reconsideration of its October 5, 1992 Order. Field filed such a motion on November 3, 1992.

At a status conference held on the record on November 9, 1992, the court vacated its October 5, 1992 Order as to Field, finding that, upon stipulation by the plaintiff, Field had not been served with a complaint until October 29, 1992. *See* Certified Official Transcript of Hearing of November 9, 1992 (filed November 10, 1992) ("Tr. 11/9/92"), at 10. Neither Steiger nor defendant Raveh, however, made such a motion and a default was entered against them at the November 9, 1992 status conference. *See id.* at 16–17.

At a status conference held on the record on January 4, 1993, defendant Steiger asserted that he had never received a copy of the complaint. *See* Certified Official Transcript of Hearing of January 4, 1993 ("Tr. 1/4/93"), at 35–37. At a status conference held on the record on January 13, 1993, however, the court denied defendant Steiger's oral motion to reopen the default against him. *See* Certified Official Transcript of Hearing of January 13, 1993 (filed January 20, 1993) ("Tr. 1/13/93"), at 45. Steiger then filed a written Motion to Set Aside Default on January 25, 1993, which was denied in an oral ruling at a hearing held on the record on February 12, 1993. *See* Certified Official Transcript of Hearing of February 12, 1993 (filed February 23, 1993) ("Tr. 2/12/93"), at 86–87.

1. Field, although no longer a defendant in this action, is presently counsel for defendant Raveh.

Meanwhile, the plaintiff sought, by a motion filed on February 2, 1993, modification of the court's order regarding Field. That motion was denied in an oral ruling in a continuation of the February 12 hearing on February 17, 1993, also held on the record. *See* Certified Official Transcript of Hearing of February 17, 1993 (filed February 23, 1993) ("Tr. 2/17/93"), at 231–37.

Defendant Steiger, by a motion filed July 26, 1993, and defendant Raveh, by a motion filed August 4, 1993, have now moved this court to modify its Orders of October 5 and November 9, 1992 and to vacate the defaults entered against them. After full briefing, an evidentiary hearing was held on the record on October 27, 1993, at which the court reserved decision.

## DISCUSSION

### I.

In support of his motion, Steiger maintains that he was never personally served with a summons and a copy of the original complaint, and that, as a result, this court did not acquire personal jurisdiction over him until he filed an appearance on January 25, 1993. Consequently, Steiger contends, the default entered against him on November 9, 1992 is void.

Steiger first argues that the package of documents mailed to all defendants on October 22, 1991 was defective in that (1) a return envelope, postage prepaid addressed to the sender, was not included in the package; (2) the notice and acknowledgment form was not sworn to and signed by Attorney Brian Poirier, then counsel to the plaintiff; and (3) the package included only one notice and acknowledgment form rather than the two required by Rule 4. More importantly, Steiger contends that this package was never mailed to him, nor ever received by him.

Steiger emphasizes that the court granted former defendant Field's motion to reconsider its October 5, 1992 Order and the court's finding that Field was not properly served until October 29, 1992. Steiger further contends that the evidence revealed at the hearings on February 12 and 17, 1993 demonstrated that service to all defendants was improper. Steiger now urges the court to

exercise its discretion to review and modify its October 5 Order with regard to him and to vacate the default entered against him on November 9, 1992.

The plaintiff responds by arguing that Steiger's attempt to analogize the court's disposition of this issue with regard to Field is without foundation. The plaintiff asserts that she had *agreed* to a stipulation that Field had been served on October 29, 1992 as a substitute for the October 5, 1992 Order. According to the plaintiff, Field nowhere successfully argued, as Steiger suggests, that the court did not have personal jurisdiction over him due to a defect in the service of process. The plaintiff therefore maintains that Steiger's motion presents issues clearly distinct from those previously presented by Field.

Furthermore, the plaintiff, in reciting the detailed chronology of this remarkably convoluted case, objects to any alteration of the procedural posture of this action. More specifically, the plaintiff represents that Steiger was properly served with the plaintiff's Motion for Alternative Proof of Service on September 23, 1992; that he was properly served with the plaintiff's Motion for Default and Application for Hearing in Damages on October 27, 1992; that despite notice of the October 5, 1992 Order, Steiger did not make any attempt to contest the adequacy of service or the plaintiff's motion for default; that, at the status conference of January 4, 1993, the court expressed its concern over any conduct that might delay or otherwise hinder the course of the litigation; that, at that status conference, Steiger conceded that he knew of this action and had contacted a lawyer; and, finally, that Steiger admitted, at both the January 4, 1993 status conference and the February 12, 1993 hearing, that he had in fact received a copy of the complaint. In this context, the plaintiff maintains that Steiger has been given ample opportunity to challenge the adequacy of service and the entry of default against him and that it is unconscionable at this late date to continue to press this issue. According to the plaintiff, Steiger has waived any claims in this regard by repeatedly failing to raise them in a timely manner.

Defendant Raveh has similarly moved to set aside the default entered against him at the November 9, 1992 status conference. Raveh's motion largely echoes Steiger's motion, claiming that this court had no jurisdiction over him to enter a default against him. Raveh further maintains he had suffered what he calls a catastrophic personal crisis which directed his attention away from this case. He maintains that his neglect in this case has been purely inadvertent, unintentional, and excusable and that it would be unfair to subject him to a judgment without ever reaching the merits.

The plaintiff responds by arguing that she has expended enormous amounts of time, energy, and money in seeking to obtain a default judgment against Raveh and that Raveh has had numerous opportunities to present his argument as to why he should not have been defaulted. As with Steiger, the plaintiff contends that Raveh cannot properly revisit this issue at this late stage of the litigation.

## II.

The issue of the sufficiency of service has posed a persistent and difficult problem throughout the pendency of this litigation. Despite the court's efforts to reach a definitive solution at the hearings on February 12 and February 17, 1993, the confusion surrounding the commencement of this action still remains to be settled. Indeed, the progress of this case serves as an invaluable lesson of the benefits of resolving any and all issues concerning the service of process at the very inception of the litigation, rather than looking to the court to sort things out later on. While some may claim that the Federal Rules of Civil Procedure are too mechanical or strict, one could well argue that they were designed to prevent precisely the type of confusion and wasted resources that have occurred in this case.

## A.

■ The court turns first to defendant Raveh's motion. It is clear on this record that this motion must be denied. To the extent that his motion is based on Fed. R.Civ.P. 12(b)(5), defendant Raveh has waived any right to assert a defense based on the insufficiency of service through both his failure to raise the issue in a timely manner and his omission of the issue from a previously filed motion to dismiss. See Fed.R.Civ.P. 12(h)(1).[2]

■ Raveh filed an appearance on January 3, 1992—only several months after the complaint was filed. As of that date, therefore, Raveh effectively consented to the jurisdiction of this court. At the hearing of January 13, 1993, Raveh admitted that he had indeed filed an appearance in this action. See Tr. 1/13/93 at 19–20. Although Raveh asserted at the October 27, 1993 hearing that he did not understand the significance of filing an appearance and that he did not intend to waive any right to assert a defense based on the insufficiency of service, the court simply does not credit this outrageous claim.[3]

Moreover, the record clearly establishes that Raveh was properly served, on October 27, 1992, more than nine months after filing an appearance, with the plaintiff's Motion for Default (filed October 23, 1992). See Exhibits A and C to Plaintiff's Memorandum in Opposition to Motion for Modification of Order (filed August 19, 1993). Raveh did not properly respond to this motion, nor did he attend the November 9, 1992 status conference, at which a default was entered against him. Indeed, Raveh has not challenged the

---

**2.** Rule 12(h)(1) provides that "[a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a [Rule 12(b)] motion ..., or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

**3.** By his conduct and demeanor at various hearings, including his testimony at the October 27, 1993 hearing and his representations at the hearings on January 13, February 12, and February 17, 1993, Raveh has shown himself to be one the most obviously deceptive and untrustworthy litigants I have encountered in fourteen years as a federal trial judge. His claims of ignorance or other disabilities appear to me to be part of a deliberate attempt to disrupt and delay these proceedings; in any event, they are not credited.

sufficiency of the service of process until the filing of this motion on August 4, 1993.

It is unfortunate for Raveh that he did not retain a lawyer in this litigation until the October 27, 1993 hearing. It is also unfortunate for Raveh that he decided, after having filed an appearance, to ignore this litigation and to fail to attend hearings at which vital interests of his were at stake. At the January 13, 1993 hearing, the court expressly warned Raveh of the dangers of proceeding *pro se* and recommended that he obtain a lawyer. *See* Tr. 1/13/93 at 35. Obviously, Raveh declined to follow the court's advice until the October 27, 1993 hearing.

In any event, it is clear that Raveh has waived any right to assert as a defense the insufficiency of service by utterly failing to raise this issue in a timely and proper manner. *See* Fed.R.Civ.P. 12(h)(1).[4] Put simply, this motion—filed some nineteen months after the filing of an appearance and some nine months after the entry of default—is utterly without foundation. Indeed, on February 3, 1993, Mr. Raveh filed a letter motion to dismiss (doc. # 149) in which he urged that all claims against him be dismissed because there was no wrongdoing on his part. The letter nowhere raises the issue of the insufficiency of the service of process. This omission is fatal to Raveh's current motion. *See* Fed.R.Civ.P. 12(h)(1)(A).

■ To the extent that Raveh's motion is based on Rule 55(c),[5] instead of Rule 12(b)(5), it must also be denied. Raveh has already sought, by oral motion at the hearing on February 12, 1993, to have the default against him set aside. *See* Tr. 2/12/93 at 9–17. Raveh did not show then, and he is unable to show now, that the default against him should be set aside for good cause.

First, the record casts serious doubt on Raveh's claim that his neglect was purely inadvertent and excusable. The court cannot—and will not—find on this record that Raveh's default was not willful. Indeed, the record does not refute the plaintiff's assertion that Raveh has deliberately and brazenly ignored this litigation. Second, nothing in the record suggests that Raveh has presented to the court any meritorious defenses to this action, despite his vague and conclusory claims to the contrary. Finally, Raveh cannot realistically suggest that the plaintiff will not be prejudiced by setting aside the default. The plaintiff has expended enormous amounts of time, energy, and money in securing a default against Raveh, and she has settled various claims in this action in anticipation of a default judgment against him.

In sum, the court finds that the merits of Raveh's current Rule 55(c) motion do not differ materially from the merits of his previous application. As a result, the court sees no reason to reverse course and to allow Raveh, at this late stage in the litigation, to reopen the merits of the case against him. The time for that has long passed.

Accordingly, defendant Raveh's motion is hereby denied.

### B.

The case of defendant Steiger, however, presents a more difficult question. Steiger did not enter an appearance until January 25, 1993—over a year after Raveh filed his appearance. Only then did Steiger consent to the jurisdiction of this court. On that same day, he also filed a Motion for Order Vacating and Setting Aside Default for Failure to Appear. In the memorandum accompanying that motion, Steiger explicitly raises the issue of the sufficiency of service and he expressly denies ever having received the package of materials mailed by Attorney Poirier in October 1991.

Indeed, starting from his entry into this case, Steiger has repeatedly challenged the sufficiency of service. Steiger raised the issue at the January 4, 1993 hearing (*see* Tr. 1/4/93 at 35–37); at the January 13, 1993 hearing (*see* Tr. 1/13/93 at 41); and at the February 12, 1993 hearing (*see* Tr. 2/12/93 at 37–40). The claim that he waived any right to assert a defense based on the sufficiency of service must therefore fail.

---

**4.** *See* note 2, *supra*.

**5.** Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default...."

The next question, then, is whether Mr. Steiger was in fact served in October 1991, or alternatively, in November 1991, when Attorney Poirier allegedly mailed a second package to Steiger. In denying Steiger's written motion to set aside default, the court, in an oral ruling at the hearing of February 12, 1993, emphasized Steiger's failure to show good cause. *See* Tr. 2/12/93 at 86–87. In other words, the ruling was not based on the conclusion that Steiger had been properly served.

Moreover, despite the plaintiff's assertions to the contrary, the court expressly found, at the hearing on February 17, 1993, that the original attempt to serve former defendant Field in October 1991 was defective and that plaintiff's counsel had not shown good cause for not making personal service after failing to receive a return of the acknowledgment-of-service form. *See* Tr. 2/17/93 at 233.

Put simply, if Mr. Steiger was never served until he filed an appearance on January 25, 1993, then the default entered against him on November 9, 1992 would be void inasmuch as the court lacked personal jurisdiction over him. Unfortunately for the plaintiff, the evidence presented at the October 27, 1993 hearing, as well as the evidence presented at the February 17, 1993 hearing, reveals substantial confusion regarding who received what at the commencement of this litigation.

There is simply no evidence on this record that establishes that defendant Steiger actually received a copy of the summons and complaint in October or November 1991. While Mr. Poirier can testify that he did in fact place these materials in the mail, he cannot persuasively demonstrate, on this record, that Steiger ever actually received them. It is worth noting that the court's present decision on this issue need not even reach the question of whether the package of materials sent out by Attorney Poirier in October 1991 complied with the precise requirements of Fed.R.Civ.P. 4. Indeed, on this sad record, the court cannot say with any degree of certainty that Steiger actually received anything at all in October or November 1991.

The fact that Steiger was properly served with various papers on September 23, 1992

and October 27, 1992 does not cure the defects of Attorney Poirier's original attempts at service in October and November 1991. The plaintiff admits that "[t]he determining factor in questions of improper service is whether the defendant actually received the summons and complaint." *See* Plaintiff's Supplemental Memorandum of Law (filed Oct. 26, 1993), at 2 (*quoting Krank v. Express Funding Corp.*, 133 F.R.D. 14, 17 (S.D.N.Y.1990) (citations omitted)). To reiterate, on this record, there is no affirmative or persuasive proof of actual receipt of these crucial documents in October or November 1991, and, unfortunately for the plaintiff, receipt of subsequent documents, such as a motion for alternative proof of service and a motion for default, will not suffice. This is especially so when the caption actually used on these papers does not even name Steiger as a defendant. *See, e.g.,* Plaintiff's Motion for Alternative Proof of Service (filed Sept. 24, 1992) and Plaintiff's Motion for Default and Application for Hearing in Damages (filed Oct. 23, 1992).

■ The plaintiff emphasizes Steiger's admissions that he did in fact receive a copy of the complaint. *See* Tr. 1/4/93 at 35–36; Tr. 2/12/93 at 35. Steiger, however, conceded only that he received a copy of the documents dated October 23, 1992, including a copy of the fourth amended complaint, which, again, did not list Steiger as a defendant in the caption. Furthermore, Steiger has never admitted to receiving a summons, nor has he admitted to receiving anything at all before October 1992. Moreover, even if Steiger was properly served with a summons and a copy of the complaint on October 27, 1992, so that the court acquired personal jurisdiction over him as of that date, a default entered against him on November 9, 1992, only two weeks later, would hardly be justified, especially on this confusing record. Indeed, in the midst of this disorder, the court is of the view that the far better course would be to allow Steiger to present his case rather than to enter a default against him without looking to the merits.

The plaintiff claims that, in reliance on the court's Order of October 5, 1992, she did not effect personal service on defendant Steiger.

This is quite unfortunate given the confounding history of this case. However, it is the plaintiff and not the court who bears the responsibility of ensuring that all defendants are properly served. Moreover, the court explicitly indicated at the October 14, 1992 status conference that it would entertain motions to reconsider its October 5, 1992 Order. While the plaintiff's assertion that defendant Steiger, like defendant Raveh, has deliberately evaded this litigation is not entirely without merit, the court is hard pressed to find a justification for not making certain, by personal service or by various means of service if necessary, that defendant Steiger was properly a party to this action.

Accordingly, the court finds that Mr. Steiger was not served until he filed an appearance—on January 25, 1993—and that, as a result, the default entered against him on November 9, 1992 is void. Defendant Steiger's motion is therefore granted.

## CONCLUSION

Based on the record, and for the reasons stated above, defendant Raveh's Motion to Modify and Vacate (filed August 4, 1993) (doc. # 215) is hereby DENIED. Defendant Steiger's Motion for Modification of Orders (filed July 26, 1993) (doc. # 210) is hereby GRANTED, and the default entered against him on November 9, 1992 is hereby VACATED.

It is so ordered.