Manuel Delos SANTOS, d/b/a M.S. Quisqueya Meat Market, Plaintiff–Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Appellee.

No. 537, Docket 89–7838.

United States Court of Appeals, Second Circuit.

Argued Jan. 4, 1990.

Decided May 7, 1990.

Frank A. Weg, New York City (Dennis T. D'Antonio, Thomas A. Bernstein, Weg & Myers, New York City, on the brief), for plaintiff-appellant.

Lawrence N. Berwitz, New York City (Greenhill & Rubin, New York City, on the brief), for defendant-appellee.

Before KEARSE and WINTER, Circuit Judges, and LEVAL, District Judge.*

KEARSE, Circuit Judge:

Plaintiff Manuel Delos Santos, d/b/a M.S. Quisqueya Meat Market ("Santos") appeals from a final judgment of the United States District Court for the Southern District of New York, John M. Walker, Jr., then-District Judge, dismissing his complaint against defendant State Farm Fire and Casualty Company ("State Farm") for breach of an insurance contract. The district court granted State Farm's motion for

---

* Honorable Pierre N. Leval, Judge of the United States District Court for the Southern District of New York, sitting by designation.

summary judgment dismissing the complaint on the ground that Santos had failed to serve the summons and complaint on State Farm within 120 days after the filing of the complaint as required by Fed.R. Civ.P. 4(j). On appeal, Santos contends principally that the summons and complaint were properly served within the 120–day period, and that even if they were not, Rule 4(j) did not permit dismissal of the complaint because the pertinent statute of limitations had run. Though we reject these arguments, we conclude that State Farm had waived its right to challenge the sufficiency of service, and we therefore vacate the judgment dismissing the complaint.

## I. BACKGROUND

The meat market operated by Santos was insured against risk of loss, up to $120,000, under an insurance policy issued by State Farm. On November 5, 1984, the meat market was damaged by fire. Santos filed a claim with State Farm for $97,554.

The insurance policy provided, *inter alia,* that "[n]o action shall be brought unless ... the action is started within two years after the occurrence causing loss or damage." It also required the insured, after assertion of a claim under the policy, to submit to examinations under oath at the request of State Farm. Santos underwent several such examinations, until he refused to continue with his deposition on June 26, 1985. State Farm did not pay Santos's claim.

On August 2, 1985, Santos filed his present complaint against State Farm in Bankruptcy Court for the Southern District of New York, where Santos had previously filed a voluntary petition. The complaint alleged, *inter alia,* that State Farm's failure to pay Santos's claim breached the insurance contract. Santos sought to serve State Farm on August 2 by delivering copies of the summons and complaint to the office of the attorneys who had represented State Farm at the depositions.

It apparently is undisputed that the attorneys were not authorized by State Farm to receive service of process. However, neither State Farm nor the attorneys so advised Santos. Instead, on August 30, 1985, State Farm served an answer to the complaint; an amended answer was served on September 19, 1985. In both the answer and the amended answer, State Farm's first affirmative defense asserted "[t]hat this Court lacks personal jurisdiction over the defendant." Though 15 affirmative defenses were asserted, insufficient service of process was not mentioned.

On April 8, 1986, Santos's Bankruptcy petition was dismissed. On November 12, 1986, Santos served a copy of the August 2, 1985 summons and complaint on the State of New York Insurance Department ("State Insurance Department"). Thereafter, State Farm served another answer; the first affirmative defense pleaded in this new answer was that "suit was not commenced within two years after inception of the loss as mandated by the policy sued upon." The new answer omitted the allegation that the court lacked personal jurisdiction over State Farm.

On May 11, 1987, State Farm moved for summary judgment dismissing Santos's contract claim, based, in part, on its statute-of-limitations defense. Affidavits submitted in support of the motion stated that the attorneys to whom the summons and complaint were delivered were not authorized to accept service on behalf of State Farm. State Farm stated that after Santos's delivery of the summons and complaint to State Farm's attorneys on August 2, 1985,

> [a]n answer was interposed on behalf of the defendant which, in addition to general denials, to the extent here pertinent, alleged that the Court lacked personal jurisdiction over the defendant since the defendant had not been served with the summons and complaint.

State Farm contended that the only proper service was the November 12, 1986 service on the State Insurance Department and that Santos's suit was thus barred by the contractual statute of limitations "because [State Farm] was not properly served with the summons and complaint within two years of the [November 5, 1984] loss."

State Farm's summary judgment motion was made returnable before the Bankruptcy Court. On August 17, 1987, that court, noting that the underlying bankruptcy proceeding had been terminated, declined to decide the motion; it retained jurisdiction for the sole purpose of allowing Santos to seek to have the matter decided in the district court. Eventually, the case was placed on the calendar of the district court, but the May 1987 motion was not ruled on.

In the district court, State Farm renewed its motion to dismiss on January 17, 1989. Relying largely on the same arguments advanced in its May 1987 motion, it also argued that Santos's November 12, 1986 service on the State Insurance Department was ineffective because "it was not made ... within one hundred twenty days (120) after the filing of the complaint as required by Rule 4(j) of the Federal Rules of Civil Procedure." State Farm argued that Santos therefore had "never properly served [State Farm]." It concluded that Santos "cannot now cure the delay in properly commencing suit since any service of process at this time will be in excess of two years after the loss and thus untimely."

In a Memorandum and Order dated August 7, 1989, the district court granted the motion to dismiss. The court found that the August 2, 1985 service of the summons and complaint was ineffective because the State Farm attorneys to whom they were delivered "were not authorized to accept process. Significantly, no one disputes that defendant's counsel were not authorized to accept process." *Id.* at 2. The court concluded that since the next attempt at service did not occur until November 1986, the summons and complaint were not served within 120 days of filing as required by Fed.R.Civ.P. 4(j). It found that Santos had failed to show good cause, or indeed any cause, for failing to serve properly within the required period.

Accordingly, the complaint was dismissed, and this appeal followed.

## II. DISCUSSION

On appeal, Santos argues principally (1) that the August 2 delivery to State Farm's attorneys was proper service on State Farm, and hence he complied with Rule 4(j); and (2) that in any event, Rule 4(j) was "unavailable" as a basis for dismissing his complaint because the Rule provides for a dismissal without prejudice and the dismissal was necessarily prejudicial to him because the statute of limitations had run. Though Santos's contentions have no merit, we vacate the judgment because we conclude that State Farm had waived its defense of insufficient service of process.

■ First, we reject Santos's argument that service on State Farm's attorneys was proper. Santos has shown no basis for an inference that State Farm had authorized its attorneys to accept service of process on its behalf. The district court noted that there was no dispute that the attorneys were not so authorized, and that observation has not been challenged. Since service of process on an attorney not authorized to accept service for his client is ineffective, *see United States v. Bosurgi,* 343 F.Supp. 815, 817 (S.D.N.Y.1972); 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1097 (2d ed. 1987), the August 2, 1985 delivery was not sufficient to effect service on State Farm.

■ Further, we reject the contention that the court has no power to dismiss a complaint for failure to comply with Rule 4(j) after the applicable statute of limitations has run. That Rule provides, in pertinent part, that

[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j). Though the Rule provides that the dismissal shall be "without prejudice," that term means merely that the dismissal itself does not bar the bringing of a subsequent action on the same

claim or claims. It does not mean, as Santos contends, that every plaintiff against whom the statute of limitations has run, even one who has carelessly allowed that period to expire without proper service after having been alerted that his prior service was inadequate, would be protected against dismissal.

■ Nonetheless, we conclude that the complaint in this case should not have been dismissed on account of Santos's failure to serve State Farm within 120 days, because State Farm had waived any defense of insufficiency of service of process. Rule 12(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (2) lack of jurisdiction over the person, ... (4) insufficiency of process, (5) insufficiency of service of process.... A motion making any of these defenses shall be made before pleading if a further pleading is permitted....

Fed.R.Civ.P. 12(b). Under Rule 12(h)(1), if one of these defenses is not promptly asserted by motion or in the responsive pleading, it is waived. That Rule provides, in pertinent part, as follows:

> A defense of lack of jurisdiction over the person, ... insufficiency of process, or insufficiency of service of process is waived ... if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Fed.R.Civ.P. 12(h)(1).

As one would reasonably infer from the fact that the Rules list separately the defenses of lack of personal jurisdiction and insufficiency of service of process, these two defenses, while often related, are not identical. *See generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 1351, 1353 (1969) ("Wright & Miller");

2A *Moore's Federal Practice* ¶¶ 1207[2.–2], 1207[2.–4] (2d ed. 1989). Questions of personal jurisdiction go to "whether the controversy or defendant has sufficient contact with the forum to give the court the right to exercise judicial power over defendant," Wright & Miller § 1351, at 560, whereas questions of sufficiency of service concern "the manner in which service has been made and not ... the court's power to adjudicate defendant's rights and liabilities," *id.* § 1353, at 578–79. A defense of "absence of an agency relationship between the recipient of process and defendant," *id.* at 579, is properly characterized as a defense of insufficiency of service of process, and is not necessarily revealed by an assertion simply that the court lacks the power to adjudicate the rights and liabilities of the defendant. *Cf. Harris Corp. v. National Iranian Radio & Television,* 691 F.2d 1344, 1353 n. 18 (11th Cir.1982) ("objection to service of process does not preserve the issue of personal jurisdiction"; "challenges to service remain, as always, distinct from challenges to jurisdiction over the person"). Thus, to the extent that a defense of lack of personal jurisdiction is based on delivery of the summons and complaint to a non-agent of the defendant, that basis should be clearly specified. *See, e.g.,* Wright & Miller § 1351, at 581 ("objection to insufficiency of process or its service should point out specifically in what manner plaintiff has failed to satisfy the requirements of the service provision he utilized").

State Farm's defense of insufficiency of service of process was not adequately asserted. Though State Farm was entitled to raise its service-of-process defense by motion, Rule 12(b) required that any such motion be made before any responsive pleading. State Farm answered the August 1985 complaint immediately; it did not make its motion until May 1987. Hence, this defense was not asserted in a motion permitted by the Rules.

Nor was the defense adequately raised in State Farm's answer. Neither the original answer nor the amended answer did anything more than baldly state that the court

lacked personal jurisdiction over State Farm. There was no mention of service of process at all, much less a specification of the manner in which service was insufficient.

The Rules are, of course, to be construed so as to do substantial justice. *See* Fed.R. Civ.P. 1. Thus, on occasion the court, in entertaining a prompt motion to dismiss, may properly look beyond an erroneous label and consider a defense of insufficient service of process asserted under the rubric of lack of jurisdiction, or vice versa, for presumably the papers supporting the motion will have elucidated the true nature of the defense. Such liberal treatment was not, however, warranted in the present case. Here State Farm did nothing to alert Santos promptly that its lack-of-jurisdiction claim was in fact a contention that service of process was insufficient. Its attorneys made no attempt to communicate to Santos informally in 1985 that they were not authorized to accept process for State Farm. State Farm did not promptly make a motion to vindicate its claimed defense; its first mention of insufficient service was in the spring of 1987. Its May 1987 motion, brought nearly two years after the ineffective service, was made well after the limitations period had expired. A defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect. We express no view as to whether a plaintiff who has served the defendant more than 120 days after filing albeit (unlike the plaintiff here) within the period of limitations may be entitled to a tolling of the limitations period from the time of proper service.

In the circumstances of the present case, we conclude that in light of State Farm's waiver the district court should not have dismissed Santos's complaint for failure to serve within 120 days of filing. Rule 4(j)'s provision that the court may dismiss for untimely service on its own motion does not mean that the court may revive a service-of-process defense that the defendant has waived. *Cf. Sinwell v. Shapp*, 536 F.2d 15 (3d Cir.1976) (improper for district court to dismiss sua sponte on venue issue waived by lack of timely assertion).

Finally, we note that Santos was given leave in December 1988 to file an amended complaint stating his basis for subject matter jurisdiction, since the federal-question jurisdiction asserted in his original complaint had ceased to exist when his bankruptcy petition was dismissed. He did not file an amended complaint. If Santos fails to file such a complaint with appropriate jurisdictional allegations within 10 days of the issuance of the mandate herein, the district court should dismiss the complaint for lack of subject matter jurisdiction.

## CONCLUSION

We have considered all of the parties' arguments. For the foregoing reasons, the judgment dismissing the complaint is vacated, and the matter is remanded for further proceedings.

No costs.

LEVAL, District Judge, concurring.

I concur and add a few words only to call attention to what the court has not decided.

Rule 4(j) expressly directs that an action "shall be dismissed" if service of the summons and complaint "is not made ... within 120 days after the filing of the complaint" and good cause cannot be shown for the delay. Use of the word "shall" makes clear that the rule is mandatory.

What is not clear from the language of this mandatory rule is whether it is intended to apply only to complaints that have never been served, or also to complaints that have been served within the limitation period but after the passage of 120 days. Unquestionably the Rule contemplates dismissal of unserved complaints. It expressly instructs the court to dismiss "upon the court's own initiative." [1] This has the ben-

---

1. The fact that the rule also expressly contemplates dismissal "upon motion" seems to me to convey no suggestion one way or the other as to whether served complaints are covered. Mo-

eficial effect of clearing the court's docket of stale unperfected filings and relieving putative defendants of the stigma of publicly filed but unprosecuted charges that have not been served.

To construe the rule as requiring in addition the dismissal of served complaints can lead to bizarre and draconian results that may not have been intended. Assume a complaint served 125 days after filing, within the limitations period. The defendant then moves under Rule 4(j) to dismiss. The broader construction of the rule would impose meaningless expensive paperwork on the court, requiring it to process first the dismissal and then the reopening of the case; it would also require the plaintiff to pursue the silly and wasteful exercise of preparing a new complaint, refiling, paying a new filing fee and embarking once again on the quest to make personal service on the defendant. It is hard to imagine the rule was intended to require such a round of useless activity. Far worse, however, are the consequences in this hypothetical case if the limitation period were to expire before the court orders the dismissal. Then the plaintiff may find himself barred from prosecuting a valid cause of action, notwithstanding that he both filed and served within the limitation period. The rule could thus have the drastic effect of shortening the statute of limitations.[2] It is certainly open to question whether this was the intention.

One court of appeals has upheld a dismissal of a served complaint. *See Lovelace v. Acme Markets, Inc.,* 820 F.2d 81 (3rd Cir. 1987), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987). This circuit has also suggested the appropriateness of such a dismissal in dictum. *See Yosef v. Passamaquoddy Tribe,* 876 F.2d 283 (2d Cir. 1989) (while affirming dismissal both for failure to state claim and untimeliness under statute of limitations, court of appeals

suggested district court might also have dismissed under Rule 4(j) in view of absence of good cause for tardy service). These decisions, however, simply assumed, based on the language of mandatory dismissal, that the rule had universal application; they discussed only whether good cause was shown. Neither considered whether Rule 4(j) should be understood to apply only to unserved complaints.[3]

Nor has the appellant raised the issue here. Appellant argued a different proposition—that Rule 4(j) does not permit dismissal after the statute of limitations has expired. Judge Kearse's opinion properly rejects that meritless argument. *See also Norlock v. City of Garland,* 768 F.2d 654, 658 (5th Cir.1985).

Because of the vagueness of the appellant's arguments coupled with the clear assertion in dicta in the majority opinion that none of them have merit, I add these words only to make clear that the court's opinion does not purport to address the applicability of Rule 4(j) to complaints that have been served within the limitation period, although not within 120 days.

One other point is worth noting. The majority opinion asserts, by reason of defendant's waiver, that "the district judge should not have dismissed the complaint." Although I agree that the complaint should be reinstated, that is because the defendant sandbagged the plaintiff by failing to give clear, timely notice of its claim that the service of process was ineffective. This court rules, and I agree, that this conduct waived the objection. It does not follow that the district judge made any error. Plaintiff below never pointed out or argued to the district judge that defendant had waived the objection by its answer. (Indeed, plaintiff never raised it on appeal

---

tions to dismiss can be made, and frequently are, by defendants who have not been served.

**2.** As the majority opinion notes, a plaintiff in such circumstances may arguably be entitled to a tolling of the statute to protect against an unfair result. At best, however, such relief would be in the court's discretion.

**3.** Only one court decision has considered the ambiguity as to the scope of the rule's coverage. *Burks v. Griffith,* 100 F.R.D. 491, 492 (N.D.N.Y. 1984), considered the question and opted with little discussion for the broader interpretation.

until this court probed the issue on oral argument.)