Sheila AHERN, Plaintiff,

v.

Chief Joseph NEVE, P.O. Lee and Miscellaneous Other Officers, Defendants.

No. 00CV337 (ADS).

United States District Court, E.D. New York.

Oct. 7, 2003.

Neve and Police officer Lee (collectively, the "defendants") to dismiss the complaint on the grounds that Sheila Ahern ("Ahern" or the "plaintiff") failed to timely serve the complaint and summons on the defendants and failed to timely file a notice of claim.

## I. BACKGROUND

The background of this case is incorporated in this Court's memorandum of decision and order dated February 5, 2003, familiarity with which is assumed. Although the docket sheet maintained in this case by the Clerk of the Court notes that Ahern filed her complaint on January 18, 2000, a review of the complaint shows that it was stamped by the Clerk of the Court as filed on January 14, 2000. On January 14, 2000, the plaintiff also filed a motion to proceed *in forma pauperis*. On January 27, 2000, the motion to proceed *in forma pauperis* was endorsed by United States District Judge Thomas C. Platt. On February 3, 2000, the Pro Se Office sent a letter to the plaintiff instructing her to submit the defendants' addresses in order for the United States Marshal to serve the summons and complaint on the defendants. On December 6, 2000, more than ten months later, the plaintiff forwarded the addresses of the defendants to the Pro Se Office. The process receipt and return filed with the Court reveals that the U.S. Marshal served the summons and complaint on the defendants on December 18, 2000. On February 1, 2001, the Marshals filed their service of process receipts. On February 5, 2001, this case was reassigned to this Court.

Sheila Ahern, Valley Stream, NY, Plaintiff Pro Se.

Fiedelman & McGaw by John M. Guglielmo, Esq., Jericho, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion for summary judgment by Chief Joseph

On May 28, 2002, the defendants filed a motion for summary judgment. On February 5, 2003, the motion was granted as to the plaintiff's equal protection claim and denied as to her Section 1983 Fourth

Amendment claim. During a telephone conference on March 5, 2003, after reviewing the docket sheet in this action, the Court raised the issue of whether the plaintiff's Section 1983 claim was time-barred. On March 31, 2003, the defendants filed a second motion for summary judgment based on improper service. In addition, the defendants contend that the complaint must be dismissed because Ahern did not timely file a notice of claim pursuant to General Municipal Law § 50(e).

## II. DISCUSSION

### A. The Summary Judgment Standard

A motion for summary judgment should be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of establishing the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "When a movant demonstrates through competent evidence that no material facts are genuinely in dispute, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990) (quoting Fed.R.Civ.P. 56(e)). "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." *Id.* (internal quotations and citations omitted); *see Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998).

In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and must draw all permissible inferences from the submitted affidavits, exhibits, interrogatory answers, and depositions in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vann v. City of New York,* 72 F.3d 1040, 1048–49 (2d Cir.1995). Disputed facts that are not material to the issue at hand will not defeat summary judgment. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of judgment." *Id.* A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If there is evidence in the record, including affidavits, exhibits, interrogatory answers, and depositions, as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *See Lane v. New York State Electric & Gas Corp.,* 18 F.3d 172, 176 (2d Cir.1994).

Notably, "the trial court's task at the summary judgment motion state of litigation is carefully limited to discerning whether there is are genuine issues of material fact to be tried, not to decide them. Its duty, in short, is confined at this point to issue-finding, it does not extend to issue resolution." *Gallo v. Prudential Residential Servs. Ltd.,* 22 F.3d 1219, 1224 (2d Cir.1994); *see Donahue v. Windsor Locks Board of Fire Commissioners,* 834 F.2d 54, 57 (2d Cir.1987) (holding that on a motion for summary judgment, the court "cannot try issues of fact; it can only determine whether there are issues to be tried").

In making this determination, the Court is mindful that Ahern's *pro se* status means that her submissions should be held " 'to less stringent standards that formal

pleadings drafted by lawyers.'" *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of her lack of legal training. *See Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983). Indeed, courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, a *pro se* status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Traguth,* 710 F.2d at 95 (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981)).

**B. Improper Service**

At the outset, the Court notes that the plaintiff's Section 1983 claim was filed within the three year statute of limitations. *See Perez v. The New York City Police,* 234 F.3d 1262, 2000 WL 1715248 (2d Cir. 2000) (stating that the statute of limitations is three years for Section 1983 claims). Although the docket sheet states that she filed her complaint on January 18, 2000, it was stamped by the Clerk of the Court as filed on January 14, 2000. Because the incident described in her complaint occurred on January 15, 1997, the Court finds that her complaint was timely filed. *See Connolly v. McCall,* 254 F.3d 36, 40 (2d Cir.2001) (stating that a Section 1983 action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of his action.").

However, the defendants assert the plaintiff's complaint must be dismissed on the ground that the summons and complaint was not timely served on the defen-

dants. In accordance with Rule 4(m) of the Fed.R.Civ.P., the plaintiff was required to serve a summons and complaint upon each named defendant within 120 days of the filing of the complaint. Rule 4(m) states, in part:

> **If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.**

Fed.R.Civ.P. 4(m).

▉ In this case, it is clear that the plaintiff failed to properly serve the summons and complaint on the defendants within 120 days of filing her complaint. After filing the complaint on January 14, 2000, the plaintiff waited more than ten months after notification to forward the defendants' addresses to the Pro Se Office so that the Marshals could serve the defendants within the time specified. Consequently, the complaint was not served until approximately one year after Ahern filed the complaint.

▉ However, notwithstanding this delay, the Court finds that the defendants have waived the right to assert the lack of jurisdiction based on insufficient service. It is well-established that " 'lack of personal jurisdiction is a privileged defense that can be waived by failure [to] assert [it] seasonably, by formal submission in a cause, or by submission through conduct.'" *Walker v. Sgt. Keyser,* No. 98 Civ. 5217, 2001 WL 1160588, at *5 (S.D.N.Y.2001) (quoting *Caruolo v. A.C. & S., Inc.,* No. 93 Civ. 3752, 1998 WL 633684, at *3 (S.D.N.Y.

Sept. 14, 1998)). A defense of insufficiency of process is waived if it is not promptly asserted by motion or in the responsive pleading. Fed.R.Civ.P. 12(h)(1); *see Santos v. State Farm Fire and Casualty Co.*, 902 F.2d 1092, 1095 (2d Cir.1990) ("A defendant cannot justly be allowed to lie to wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect.").

■ Although the plaintiff's service on the defendants was defective, the defendants failed to assert the defense of improper service in their answer. Furthermore, even if the defendants had asserted this defense in their answer, "undue delay in challenging personal jurisdiction by a motion to dismiss may constitute a waiver." *Caruolo*, 1998 WL 633684, at *3 ("The responsive pleadings do not preserve the defense [of insufficiency of process] in perpetuity."). The defendants continued to participate in this case, not for several months but, for more than two years after receipt of the complaint before electing to raise this defense. Indeed, the defendants could have raised the defense of insufficient service or lack of personal jurisdiction in their first motion for summary judgment filed on May 28, 2002, but they did not. Accordingly, because the Court finds that the defendants delayed in making this motion, it must be denied.

**C. Notice of Claim**

■ In addition, the defendants assert that the complaint must be dismissed because the plaintiff failed to provide notice of her claims pursuant to New York General Municipal Law § 50–e. This assertion is without merit. Section 50–e requires a plaintiff in " 'any case founded upon tort,' to serve a notice of claim upon a prospective municipal defendant no later than ninety days after the claim arises." *Aguilar v. The New York Convention Center Operating Corp.*, 174 F.Supp.2d 49, 54 (S.D.N.Y. Nov.5, 2001) (quoting N.Y. Gen. Mun. Law § 50–e(1)(a)). While the notice of claims requirement applies to state-based claims, it does not apply to actions brought pursuant to Section 1983. *See Felder v. Casey*, 487 U.S. 131, 140–142, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). Thus, the plaintiff was not obligated to provide a notice of her claims in a Section 1983 cause of action. Accordingly, the Court denies the defendants' motion for summary judgment.

**III. CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED**, that the defendants' motion for summary judgment is **DENIED**; and it is further

**ORDERED**, that the parties are directed to appear for a status conference on November 4, 2003, at 9:00 A.M., at the United States District Court, Long Island Federal Courthouse, 1024 Federal Plaza, Central Islip, New York 11722, in Room 1020; and it is further

**ORDERED**, that the Clerk of the Court is directed to serve a copy of this Order on the plaintiff by regular first class mail and by certified mail, return receipt requested.

**SO ORDERED.**