**CADLES OF GRASSY MEADOW
II, LLC, Appellant,**

Federal Deposit Insurance Corporation, as Receiver for Dollar Dry Dock Bank, Plaintiff,

v.

Greg O'CONNOR, "John Doe 1" through "John Doe 5", the last names being fictitious and unknown to the plaintiff, the person or parties, if any, having or claiming an interest in or lien upon the premises described in the complaint, Defendant–Appellee.*

No. 08–3455–cv.

United States Court of Appeals, Second Circuit.

June 19, 2009.

Steven Giordano, Vlock & Associates, P.C., New York, NY, for Appellant.

Lewis M. Smoley, Davidoff Malito & Hutcher LLP, New York, NY, for Defendant–Appellee.

Present: RALPH K. WINTER, JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Appellant Cadles of Grassy Meadow II, LLC ("Cadles"), assignee of plaintiff Federal Deposit Insurance Corporation ("FDIC"), appeals from an order vacating a default judgment against defendant-appellee Greg O'Connor, and an order granting reconsideration but adhering to the prior decision. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Cadles challenges the District Court's vacatur of the default judgment, arguing that O'Connor waived his affirmative defense of lack of personal jurisdiction for improper service of process by participating in the litigation and by failing to argue that service was improper because it was directed to an address at which O'Connor no longer lived. O'Connor responds that he preserved his affirmative defense by arguing improper service in his answer, and he maintains that he was never properly served. We agree with Cadles, that O'Connor waived his claim of lack of personal jurisdiction for improper service and that the District Court erred in vacating

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

the default judgment for lack of personal jurisdiction.

In 1994, when FDIC commenced an action against O'Connor, FDIC served him multiple times during the 120–day period for service of process pursuant to N.Y. C.P.L.R. § 308(2), by delivering summons to the doorman at an apartment purported to be O'Connor's usual place of abode— Apartment 3D at 23 East 74th Street (the "Apartment"). *See* N.Y. C.P.L.R. § 308(2) (providing for proper service "by delivering the summons … to a person of suitable age and discretion at the actual … dwelling place or usual place of abode of the person to be served"); *see also Grammenos v. Lemos,* 457 F.2d 1067, 1071 (2d Cir.1972). In his answer dated June 29, 1994, O'Connor alleged that there was lack of personal jurisdiction due to "the failure to properly serve process upon said defendant." J.A. 106. In a January 1995 memorandum, O'Connor elaborated that FDIC never properly served him because there was no "evidence that the doorman refused plaintiff's process server access to Mr. O'Connor's apartment"; thus " 'suitable age and discretion' service upon the doorman of the apartment building" was not justified. J.A. 134. Having been informed that service was contested on these grounds, FDIC sought a 60–day extension in which it attempted to serve O'Connor yet again on February 1, 1995 at the Apartment, this time curing the deficiencies of the previous service of process that had been asserted by O'Connor. O'Connor did not appear and a default judgment was entered against him.

Upon being assigned FDIC's interest, Cadles sought to enforce the judgment against O'Connor. O'Connor now attempts to revive his affirmative defense of lack of personal jurisdiction, asserting that the Apartment was not his actual place of abode during the time FDIC was serving him.

We agree with Cadles that O'Connor cannot rely on this new claim that service was directed at the wrong location, rather than just to an improper recipient. "A defendant cannot justly be allowed to lie in wait, making by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground…." *Santos v. State Farm Fire & Cas. Co.,* 902 F.2d 1092, 1096 (2d Cir.1990). O'Connor's original answer did nothing "more than baldly state that the court lacked personal jurisdiction over [him]," and while he alleged improper service of process, his "specification of the manner in which service was insufficient" was either incorrect or misleading. *Id.* at 1095–96. We thus conclude that the District Court erred in vacating the default judgment on the basis of improper service.

### *CONCLUSION*

Accordingly, we REVERSE the December 19, 2007, and June 24, 2008, orders of the District Court and REMAND for further proceedings.