08-5128-cv
Orix Financial Services, Inc. v. Thunder Ridge Energy

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand ten.

Present:
>       JOHN M. WALKER, JR.,
>       GUIDO CALABRESI,
>       ROBERT A. KATZMANN,
>               *Circuit Judges*.

---

ORIX FINANCIAL SERVICES, INC., formerly known as Orix Credit Alliance, Inc.,

>       *Plaintiff-Appellee*,

>               v.                                          No. 08-5128-cv

LARRY CLINE and LINDA L. CLINE,

>       *Defendants-Appellants*,

THUNDER RIDGE ENERGY, INC., CAREY CLINE, EDDIE CLINE, ILEEN CLINE, LINDA G. CLINE, MARK CLINE, and PAMELA S. CLINE,

>       *Defendants*.

---

| | |
|---|---|
| For Plaintiff-Appellee Orix Financial Services Inc.: | LEWIS M. SMOLEY, Davidoff Malito & Hutcher LLP, New York, NY |

For Defendants-Appellants Larry        DOMINICK C. CAPOZZOLA, (Eric C. Stuart, *of*
Cline and Linda L. Cline:              *counsel*), Ogletree, Deakins, Nash, Smoak & Stewart,
                                       P.C., Morristown, NJ

Appeal from the United States District Court for the Southern District of New York (Holwell, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the memorandum opinion and order of the district court entered September 30, 2008, is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings.

Defendants-Appellants Larry Cline ("Larry") and Linda L. Cline ("Linda") appeal from a memorandum opinion and order of the United States District Court for the Southern District of New York (Holwell, *J.*), entered September 30, 2008, denying their motion to vacate the judgment against them. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

The appellants argue that the district court erred in denying their motion to vacate the judgment against them under Fed. R. Civ. P. 60(b)(4). They claim that the judgment is void because service of process was improper under Fed. R. Civ. P. 4. We review *de novo* the denial of a motion to vacate a default judgment under Rule 60(b)(4).[1] *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005).

_____

[1] Although the appellants were held liable after the plaintiff-appellee's motion for summary judgment was granted, the district court analyzed their motion as a motion to vacate a default judgment because they did not oppose the summary judgment motion. All parties adopt this analysis on appeal.

2

Under Fed. R. Civ. P. 4(e)(2)(C), an individual may be served by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." The record contains copies of guaranties in favor of plaintiff-appellee Orix Financial Services, Inc. ("Orix"), bearing the purported signatures of Larry and Linda, that designate C-A Credit Corp. ("C-A") as agent for service of process. On June 6, 2001, an officer of C-A, which is a subsidiary of Orix, accepted service of the summons and complaint in this action on behalf of Larry and Linda. The C-A officer executed letters to Larry and Linda informing them of the acceptance of service of process and gave these letters, together with copies of the summons and complaint, to Orix's counsel to be mailed. Orix's counsel then sent these notice letters from C-A by certified mail, return receipt requested, to Larry and Linda.[2]

The appellants argue that service was improper because C-A did not itself mail the notice and summons and complaint to them. They claim that this failure invalidated their agency relationship with C-A. But where a party to a private contract has appointed an agent to receive service of process, "any exercise of power by the agent within the scope of the authorization, during the term for which it was given, . . . will bind the principal." *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964) (quoting 2 Williston on Contracts § 274 (3d ed. 1959)). C-A acted within the scope of the authorization when it signed the notification letter and then arranged for the letter to be mailed, thereby binding Larry and Linda. The mere fact that an agent of Orix ultimately put the notice letter, along with the summons and complaint, into the mailbox does not alter this conclusion, given that there is no dispute that they were actually mailed as C-A

---

[2] The appellants claim that they did not receive the notice letters from C-A, but that claim is not relevant to our analysis of whether they were bound by C-A's acceptance of service.

3

had contemplated. Nor does the parent-subsidiary relationship between Orix and C-A invalidate the agency relationship between C-A and the appellants. When C-A's only role as agent was to receive service of process for the appellants, C-A "can in no meaningful sense be deemed to have had an interest antagonistic" to theirs, because both Orix and the appellants "had an equal interest in assuring that, in the event of litigation, the latter be given that adequate and timely notice which is a prerequisite to a valid judgment." *Id.* at 317-18. For all of these reasons, the appellants' argument that service of process on them failed to comport with the requirements of Rule 4 fails.

Linda, but not Larry, raises the additional argument that her signature on the Orix guaranty was forged, so that she never validly designated C-A her agent for service of process. The district court found that she had waived this argument by failing to raise it in the five years of litigation that preceded entry of judgment against her. Linda challenges this finding on appeal.

A defense of insufficient service of process is waived if it is not asserted by motion under Fed. R. Civ. P. 12 or in the party's responsive pleading. Fed. R. Civ. P. 12(h)(1); *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095 (2d Cir. 1990). Here, Linda signed a motion designated "Special Appearances — *Pro Se*," in which she and her co-defendants moved to dismiss the action against them for a number of reasons, including "[f]ailure of service of process," "[i]mproper process," and "[l]ack of jurisdiction of this Court." In response, the district court denied this motion without prejudice as not in accordance with the local rules and set a deadline for the defendants to answer the complaint. After that, Linda did not directly participate in the litigation. Her only involvement was to sign an affidavit in support of a motion to dismiss filed by all of the defendants *except* for Linda and Larry, in which she stated that she

4

had never signed a guaranty in favor of Orix.

Although we share the district court's doubts regarding the reasonableness of Linda's conduct in ignoring the litigation based on her putative belief that it had ended, we have never before found that a defendant waived the defense of insufficient service of process when that defendant attempted to assert such a defense in an initial, defective filing and then did not directly participate in the litigation at all. Rather, we have found waiver only where the defendant litigated the merits of the case without asserting the defense. *See, e.g.*, *Santos*, 902 F.2d at 1095-96 (insufficient service of process defense waived where State Farm answered the complaint in 1985, did not mention service of process, and did not move to dismiss for improper service of process until 1987); *Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990) (insufficient service of process defense waived where defendant attended a conference with the magistrate judge and participated in scheduling discovery and motion practice, and throughout said nothing about defective service of process). Accordingly, we respectfully disagree with the district court's conclusion that Linda waived her insufficient service of process defense.

The district court also found, in the alternative, that even if Linda's signature on the Orix guaranty is not authentic, she is estopped from denying her obligations under that instrument because she was aware that it had been executed in her name and that Orix had relied upon it. *See OSRecovery, Inc. v. One Groupe Intern., Inc.*, 462 F.3d 87, 94 n.3 (2d Cir. 2006) ("Equitable estoppel is proper where the enforcement rights of one party would create injustice to the other party who has justifiably relied on the words or conduct of the party against whom estoppel is sought."). On the record as it stands, however, we cannot affirm on this ground. The district

5

court based its conclusion in significant part upon factual findings that it had made with regard to Linda's co-defendants Linda G. Cline, Ileen Cline, and Pamela Cline, during proceedings in which Linda did not participate. Although we note that the district court's conclusion may well be borne out if findings of fact that are specific to Linda herself are made, equitable estoppel cannot be applied based on extrapolation from evidence pertaining to other defendants.

We have considered the Clines' other arguments and find them without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court with regard to Larry Cline, and we **VACATE** the judgment of the district court with regard to Linda Cline. The case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK