23-96-cv
*Mhina v. Bank of Am., N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand twenty-three.

Present:
> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

JAMES P. MHINA,

> *Plaintiff-Appellant*,

> v.                                                                                            23-96-cv

BANK OF AMERICA, N.A., CORPORATION, Doing Banking Business, KEY BANK, N.A., CORPORATION, Doing Banking in New York State, JOHN CRUIZE, V.P. Security, Key Bank, BETH VANDOREN, A.D. Attorney, ONONDAGA COUNTY, CATHLEEN NASH, C.E.O., President of Citizens Bank, AMY BIDWELL, Bank of America Bank Branch Manager, LINDA MOSSULU, V.P. Key Bank, an entity doing business in banking,

> *Defendants-Appellees*,

CITIZENS BANK, N.A., CORPORATION, Doing Banking Business in Syracuse, NY and other States, WOODHAVEN APARTMENTS, CITY OF SYRACUSE, ANTHONY COLLAVITA, Syracuse City Police Detective, DAVID BURSKE, Syracuse City Police Detective, VINOD LUTHRA, President, C.E.O. Woodhaven Apartment,

*Defendants*.

_____

For Plaintiff-Appellant:              James P. Mhina, *pro se*, Syracuse, NY

For Defendants-Appellees:              No appearance

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant James Mhina, proceeding *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*), entered on January 10, 2023, dismissing his claims against Defendants-Appellees. Mhina sued fourteen defendants—including several banks, the City of Syracuse, two Syracuse police officers—under 42 U.S.C. § 1983 and state law. Six of the defendants filed motions to dismiss. The district court granted the motions on November 1, 2022, reasoning that service of process on three of the moving defendants—Citizens Bank, Woodhaven Apartments, and Vinod Luthra—was either incomplete or insufficient under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), and that Mhina's claims against the remaining three moving defendants—the City

2

of Syracuse and Syracuse police detectives Anthony Collavita and David Burske (the "City defendants")—were untimely and thus failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court instructed Mhina to provide proof of service with respect to the remaining eight defendants and warned him that dismissal was a possible sanction if he failed to do so. Mhina failed to do so, and on January 9, 2023, the district court *sua sponte* dismissed without prejudice the claims against the remaining defendants for failure of service under Federal Rule of Civil Procedure 4(m).

Mhina now appeals. His notice of appeal references the district court's January 10, 2023, judgment dismissing his claims against the eight defendants for lack of service under Rule 4(m). Although not explicitly stated in his notice of appeal, we construe Mhina's appeal to also challenge the district court's previous November 1, 2022, order dismissing his claims against the other six defendants for insufficient or incomplete service or failure to state a claim under Rules 12(b)(4), 12(b)(5), and 12(b)(6). *See* Fed. R. App. P. 3(c)(4) ("The notice of appeal encompasses all orders that, for purposes of the appeal, merge into the designated judgment or appealable order. It is not necessary to designate these orders in the notice of appeal."). He also filed two motions in this Court: one notifying this Court that the defendants violated district court local rules and one seeking reversal of the district court's decision. We assume the parties' familiarity with the case.

## I.     Rules 12(b)(4) and 12(b)(5) Dismissals

We have not yet articulated a standard of review for a dismissal under Rule 12(b)(4), but even under *de novo* review, the district court did not err in dismissing the claims against defendant Citizens Bank without prejudice under Rule 12(b)(4) because Mhina did not serve

3

sufficient process. Federal Rule of Civil Procedure 4(a)(1) enumerates several requirements for the contents of a summons, and Rule 4(c)(1) specifies that a summons must be served with a copy of the complaint. The summons here was deficient because it did not identify the court or include Mhina's address, and Mhina does not dispute that he served it with only a partial copy of the complaint.

We review a dismissal under Rule 12(b)(5) for abuse of discretion. *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010). The district court did not abuse its discretion by dismissing Mhina's claims against defendants Woodhaven Apartments and Luthra for insufficient service under Rule 12(b)(5). "[S]ervice of process on an attorney not authorized to accept service for his client is ineffective . . . ." *Santos v. State Farm Fire & Casualty Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) (citation omitted). Here, Mhina did not serve either Woodhaven or Luthra; instead, he served an attorney who was not authorized to accept service on their behalf.

Mhina also seems to argue that his failure to properly serve these defendants is excusable because (he alleges) Citizens Bank, Woodhaven Apartments, and Luthra violated Northern District of New York Local Rules 10.1 and 11.1 by failing to file a change of address (and thus it was not Mhina's fault that he sent the service packages to the wrong addresses). He further alleges that the other attorneys who received the packages could have sabotaged the summons. These arguments are meritless. First, defendants did not violate the local rules. Local Rule 10.1 concerns the form of papers, but Mhina does not argue that the form of papers filed by defendants was improper. Local Rule 11.1 addresses the appearance and withdrawal of attorneys in a civil case, and Mhina claims that the attorneys who represented the same defendants in a prior lawsuit initiated by Mhina failed to file required changes of address. But

4

those attorneys did not represent the defendants in the present suit, and there is no requirement that a defendant maintain a relationship with the same attorney in multiple lawsuits and no obligation that these prior attorneys file changes of address. Mhina was obligated to serve *the defendants* as prescribed by Rule 4, not the attorneys who represented them in a prior lawsuit.

Mhina finally alleges that the former attorneys could have tampered with the service packages he sent, resulting in the deficient summons and complaint. However, Mhina directly served Citizens Bank, the only defendant that the district court determined received insufficient process, meaning the prior attorneys had no opportunity to sabotage the summons and complaint.

## II. Rule 12(b)(6) Dismissal

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (citation omitted). "[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Conn. Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 132 (2d Cir. 2021) (internal quotation marks and citation omitted).

Mhina does not challenge the dismissal of his claims against the City defendants as untimely on appeal. Instead, he generally argues on the merits that the defendants breached their fiduciary duty and contractual obligations. Accordingly, he waived this issue, *see LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995), and any arguments on the merits are inappropriate at this juncture.

But even if Mhina's brief could be construed as challenging the dismissal of the City defendants, the district court properly dismissed his claims against them as untimely. Mhina

5

alleged that the City defendants conspired to bring unfounded criminal charges against him, resulting in him serving ten years in prison until his conviction was vacated on April 9, 2014. He generally asserted claims for breach of contract, breach of fiduciary duty, unjust enrichment, deprivation of constitutional rights under § 1983, and civil rights conspiracy under 42 U.S.C. § 1985. Even if all of Mhina's claims accrued on April 9, 2014, this date was more than eight years before he commenced his lawsuit on May 3, 2022. Breach of contract claims in New York have a six-year statute of limitations. N.Y. C.P.L.R. § 213(2). Breach of fiduciary duty and unjust enrichment claims have a three- or six-year statute of limitations, depending on the type of relief sought by the plaintiff. *See IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139 (2009) (breach of fiduciary duty claims seeking monetary damages are subject to a three-year statute of limitations; claims seeking equitable remedies are subject to a six-year limitations period); *Golden Pac. Bancorp. v. FDIC*, 273 F.3d 509, 518 (2d Cir. 2001) (statute of limitations in New York for claims of unjust enrichment and breach of fiduciary duty is generally six years). Claims arising under §§ 1983 and 1985 in New York must be filed within three years of accrual. *See Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001). Because Mhina did not commence his lawsuit within any of these statutes of limitations, his claims are untimely.

### III. Rule 4(m) Dismissals

We review dismissals under Rule 4(m) for abuse of discretion. *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). Although Mhina appealed the district court's January 10, 2023, judgment dismissing his claims against the eight remaining defendants for failure of service under Rule 4(m), he does not explicitly challenge this decision in his brief to this Court.

6

Accordingly, he waived this issue. *See LoSacco*, 71 F.3d at 93.

Even if he had not waived this issue, the district court did not abuse its discretion by dismissing the claims against those defendants for failure to serve the summons and complaint within the 90 days mandated by Rule 4(m). The complaint was filed on May 3, 2022, and the amended complaint was filed on May 10, 2022. The date that is ninety days after the amended complaint was filed is August 8, 2022. Mhina did not file any proofs of service demonstrating that he had served any of the eight defendants by that date. Further, the district court repeatedly reminded Mhina to file proofs of service or a detailed report of service attempts and warned him that he could face sanctions, including dismissal, for failing to do so. Mhina also did not offer any reason—let alone good cause—for the delay that would have required the district court to extend the time for service. Accordingly, the district court did not abuse its discretion by dismissing the claims against those eight defendants without prejudice.

**IV.    Pending Motions**

Mhina also filed motions in this Court to (1) notify this Court that defendants Citizens Bank, Woodhaven, and Luthra violated district court local rules, and (2) reverse the decision of the district court. We deny both motions. As discussed above, the defendants did not violate the district court's local rules. And although it is not clear what decision Mhina seeks reversal of, given that we conclude that the district court did not err by dismissing Mhina's claims against all fourteen defendants, the motion to reverse the district court's decision is meritless.

We have considered Mhina's remaining arguments and find them unpersuasive.

\*    \*    \*

7

Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Mhina's motions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8