Angela MORGAN, Plaintiff,

v.

THE CITY OF NEW YORK; New York City Board of Education; Community School District Five; the Choir Academy of Harlem; individually and in their official capacities as New York cit board of education employees Principal John D. Treadwell and high school assistant principal John King, Jr.; Boys Choir of Harlem, Inc.; individually and in their official capacities as employees of the Harlem Boys Choir, Inc., employees-President Dr. Walter Turnbull Executive Vice President Horace Turnbull, and instructor for Girls Choir Ms. Lorna Meyers, Defendants.

No. 00 Civ. 9172(LMM).

United States District Court, S.D. New York.

April 19, 2001.

Stacey M. Gray, Law Office of Stacey M. Gray, New York City, for plaintiffs.

## MEMORANDUM AND ORDER

MCKENNA, District Judge.

Angela Morgan ("Plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983, Title IX of the Education Law of 1972, 20 U.S.C. § 1681 and the New York State Educational Law § 313 against the City of New York, New York City Board of Education, Community School District Five, the Choir Academy of Harlem, John D. Treadwell, John King, Jr., the Boys Choir of Harlem Inc., Dr. Walter Turnbull, Horace Turnbull and Lorna Meyers ("Defendants") for sex discrimination suffered by her daughter Ashley Morgan while she was a student at the Choir Academy of Harlem. Plaintiff also alleges state negligence claims and intentional and negligent infliction of emotional distress.

Plaintiff moves to amend the complaint and add her daughter as a party. For the reasons set forth below Plaintiff's motion is granted.

Defendants move pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss all claims brought by Angela Morgan for lack of standing, and move to dismiss without prejudice all claims brought by Ashley Morgan because the "proposed amended complaint is so replete with allegations and claims for relief as to Angela Morgan that it would be difficult to treat the pleadings as though they did not exist, and a separate action by Ashley Morgan would be more appropriate." (Defs.' Reply Mem. at 6.) Defendants' motion is granted in part and denied in part.

### Legal Standard

On a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept as true all well pleaded factual allegations set forth in the complaint and must draw all positive inferences in favor of the pleader. *Bolt Elec., Inc. v. City of New York,* 53 F.3d 465, 469 (2d Cir.1995). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stern-*

*berg v. U.S. Nat'l Karate–Do Fed'n, Inc.*, No. 99 CV 2843, 2000 U.S. Dist. LEXIS 19579, at *4, 123 F.Supp.2d 659, 661 (E.D.N.Y. Nov. 20, 2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, conclusory allegations unsupported by factual assertions are insufficient to meet even the liberal requirements of Rule 12(b)(6). *Hayut v. State Univ. of New York*, 127 F.Supp.2d 333 (N.D.N.Y.2000) (citing *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir.1988)).

### Angela Morgan's Claims Under Title IX

In her response to Defendants' motion to dismiss, Angela Morgan concedes that she lacks standing to bring an action under Title IX on her own behalf or on behalf of her daughter. (Pl.'s Mem. at 3.) Therefore, Defendants' motion to dismiss Angela Morgan's claim under Title IX is granted.

### Angela Morgan's Claims Under § 1983

Angela Morgan maintains that she has a valid claim under § 1983 for violation of her "right for her female child to receive the benefits of a public high school education" and "her right to be treated equally and fairly as a parent." (Pl.'s Mem. at 5.) First, Angela Morgan lacks standing to bring individual claims under § 1983 based upon a deprivation of her daughter's constitutional rights. *Burrow v. Postville Cmty. Sch. Dist.*, 929 F.Supp. 1193, 1208 (N.D.Iowa 1996) (holding that parents could not bring an action against the school under § 1983 for the sexual harassment suffered by their daughter based on either their daughter's constitutional claims or their own claims of emotional distress).

Second, "[t]o prevail in an action brought under § 1983 a plaintiff must show that he or she was deprived of a right, privilege or immunity secured by the Constitution or laws of the United States."

*Natriello v. Flynn*, 837 F.Supp. 17, 18 (D.Mass.1993). Further, "only the person toward whom the state action was directed, and not those incidentally affected may maintain a § 1983 claim." *Id.* at 19 (quoting *Pittsley v. Warish*, 927 F.2d 3, 8 (1st Cir.1991)). There is no indication that Angela Morgan suffered any harm other than emotional distress due to the alleged discrimination against her daughter. Because emotional distress does not constitute a violation of a federally protected constitutional right, Angela Morgan's claim under § 1983 is dismissed. *See Burrow*, 929 F.Supp. at 1208. (holding that suffering emotional distress does not constitute a violation of a federally guaranteed right).

### Angela Morgan's State Law Tort Claims

There are very limited circumstances under which a mother can bring a tort action on behalf of her injured child. The most common circumstance falls under the zone-of-danger theory of liability which allows a mother to bring a negligence action for emotional distress if, due to the defendant's conduct she herself is threatened with bodily harm and she views the death or serious injury of her child. *Bovsun v. Sanperi*, 61 N.Y.2d 219, 228, 473 N.Y.S.2d 357, 461 N.E.2d 843 (N.Y.1984). In this case Angela Morgan was not herself exposed to any danger, nor did she witness serious bodily harm or the death of her child. Therefore, liability can not be found under the zone-of-danger theory.

The theory of liability Angela Morgan rests upon for her state negligence claim is very similar to an argument made in *Johnson v. Jamaica Hospital*, 62 N.Y.2d 523, 478 N.Y.S.2d 838, 467 N.E.2d 502 (N.Y. 1984), a negligence action brought by parents whose child had been abducted from a hospital due to the defendant hospital's negligence. *Id.* at 525, 478 N.Y.S.2d 838, 467 N.E.2d 502. In *Johnson*, the parents

argued that the hospital owed a duty to them directly as parents, to care properly for their child, and that it was foreseeable that injury to their child would cause them emotional distress. *Id.* at 526, 478 N.Y.S.2d 838, 467 N.E.2d 502. The Court held that the parents could not recover damages for the emotional distress they may have suffered as a result of a direct injury inflicted on their daughter by defendant's breach of duty of care. *Id.* The only existing duty defendant owed was to the child, not the parents, and absent such a duty to the parents there can be no liability as a matter of law. *Id.* at 526–528, 478 N.Y.S.2d 838, 467 N.E.2d 502. Therefore, under New York law Defendants do not owe Angela Morgan a duty of care. Accordingly, Defendants' motion to dismiss Angela Morgan's tort claims is granted.

**Ashley Morgan's Federal and State Law Claims**

Angela Morgan moves to amend the complaint to add Ashley Morgan as a party to assert her own claims under Title IX, § 1983 and N.Y. Educ. Law § 313. Defendants move to dismiss the entire complaint without prejudice with regard to Ashley Morgan's claims and suggest that she file a new complaint because the complaint is "replete with allegations and claims for relief as to Angela Morgan that it would be difficult to treat the pleadings as though they did not exist." (Defs.' Reply Mem. at 6.)

The Court agrees with Defendants that dismissal of Angela Morgan's claims requires that a new complaint be drafted. However, dismissal is unnecessary. Plaintiff Ashley Morgan may replead the complaint, within 45 days of the date hereof, to assert only her own claims against Defendants.